RITENOUR v. SHOEMAKER ET AL.

[No. 24,113.    Filed July 1, 1924.]

DRAINS.—*Construction.*—*Complaint.*—*Annulment of Contract.*—*Trial without Jury.*—*Statutes.*—A complaint to annul the contract for the construction of a drain for failure to perform as agreed, not alleging amount of work done, amount remaining to be done, amount paid and unpaid, and the cost of completion does not state a cause of action for damages for breach of contract, but a cause of action to annul the contract under the drainage law (§6144 Burns 1914, Acts 1907 p. 508) which provides (§6143 Burns' Supp. 1921, Acts 1917 p. 296) all actions under this act shall be tried by the court without a jury.

From the Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Daniel C. Shoemaker and others against Adam Ritenour. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Vaughn & Decker* and *Earl R. Ferguson,* for appellant.

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellee.

EWBANK, J.—Appellant was the contractor for the construction of a public drain. He appeals from a decree adjudging "that the drain herein has not been completed according to the plans and specifications, and that the contract of construction be and it is hereby annulled, and that said engineer of construction should resell same * * * that the costs of this cause be taxed against the defendants." Appellant filed a motion for a new trial because he was refused a trial by jury, and overruling this motion is the only error assigned.

The complaint was filed February 3, 1919. It alleged in substance, that plaintiff was the superintendent of construction of the drain in question; that he had duly let to defendant (appellant) a contract for the construction of the open part of the drain at a price named, which contract was in writing and stipulated that the work should be completed on or before October 1, 1917, and at the same time had let to him a contract for the construction of certain tiled arms or laterals of the drain, stipulating that they should be completed by April 1, 1918; that the defendant contractor had given a bond for the performance of said contracts, copies of the contracts and bond being recited at length in the body of the pleading; that said contractor and his surety had failed and refused to construct the work within the agreed time, and that a large portion yet remained un-

completed, and the contractor was not making a good faith effort to complete the same, and did not intend to complete it according to the plans and specifications in compliance with the contracts; and that by reason of such failure and refusal said contracts should be set aside and annulled, and said work should be resold upon notice as provided by law, the contractor and the surety on his bond being held as the law provides. The prayer for relief asked only the annulment of the contract, that the work be resold, and that the bond be held valid and binding in case suit for damages be afterward brought thereon. The complaint did not allege how much of the work had been done, how much remained to be done, what had been paid to the contractor as the work progressed, how much (if any) of the agreed price for the work remained unpaid, nor what it would cost to complete the construction of the drain, all of which must have been stated to make out a cause of action at law for damages for breach of the contract of construction. Neither did it state any facts tending to show that the execution of the contract was procured by fraud, or that the contract was vitiated by accident or mistake, or that any other reason existed for its "cancellation," except by reason of forfeiture of the contractor's rights thereunder because of nonperformance. In other words, the only cause of action stated or attempted to be stated was for the annulment of the contract, under the provisions of §6144 Burns 1914, Acts 1907 p. 508, §5, which provides that when it shall become manifest that the contractor will not complete the work within the time limited or in the manner specified the person charged with the construction thereof may annul the contract and relet the same, after notice, the contractor being allowed a fair price for the work already performed, which price shall be determined by the court. The drainage law, of which

that section forms part, expressly provides that "in all trials in the circuit court, provided for in this act, the trial shall be by the court, without a jury." §6143 Burns' Supp. 1921, Acts 1917 p. 296.

No request is shown to have been made that the court fix the price which the contractor should receive for the work already performed, and no question has been presented or argued as to whether or not the judgment appealed from was a final judgment, or was only interlocutory, and upon those matters we express no opinion. Clearly no error was committed in refusing a trial by jury, and there is no other question presented by the briefs of counsel.

The judgment is affirmed.